**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **FREDERICK BERNDT,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. 08-1067-WEB** |
| | ) |
| **ROBERT A. LEVY,** | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion "to determine the sufficiency of defendant Levy's responses to plaintiff's second request for admissions and attorney fees." (Doc. 43). The court's rulings are set forth below.[1]

**Background**

This is a legal malpractice case. Highly summarized, plaintiff alleges that he had a valid medical malpractice claim against an orthopedic surgeon related to an infection and subsequent amputation of his right leg. However, plaintiff's medical malpractice lawsuit was

---

[1] Plaintiff's motion (Doc. 43) asks that the court determine the sufficiency of defendant's responses to plaintiff's second set of Requests for Admission (cited as exhibit 2 to Doc. 44). However, the court declines the invitation to evaluate *all* requests and limits its rulings to the specific requests argued in plaintiff's supporting brief (Doc. 44). No reply brief was filed by plaintiff.

dismissed based on a statute of limitations defense. Plaintiff now alleges that defendant Robert Levy, the attorney handling the medical malpractice claim, was negligent in allowing the statute of limitations to expire before filing suit against the surgeon.

### Plaintiff's Motion

As noted above, plaintiff moves the court to determine the sufficiency of defendant's answers and objections to certain requests for admission pursuant to Fed. R. Civ. P. 36(a)(6). The circumstances giving rise to this motion and the parties' arguments are set forth in greater detail below.

Plaintiff took Mr. Levy's deposition on October 29, 2008. On January 15, 2009, plaintiff prepared and served Levy with a second set of requests for admissions based on (1) Levy's responses to plaintiff's deposition questions and (2) Levy's answers to an interrogatory. Levy responded to plaintiff's requests for admission by (1) specifically admitting or denying each request, (2) clarifying certain denials, and (3) asserting objections to a number of the requests. Plaintiff's motion seeks a ruling on the following issues:

> 1. Whether it is appropriate for a party to deny a request for admission when that same party admitted [the] exact facts in his deposition testimony?
>
> 2. The sufficiency of defendant Levy's objections to plaintiff's second request for admissions?
>
> 3. Whether plaintiff is entitled to attorney fees in connection with the filing of the instant motion and memorandum?

Plaintiff's Motion, Doc. 44, p. 2.

**Deposition Testimony and Answers to Requests for Admission**

Plaintiff argues that defendant improperly "denied" certain requests for admission related to Levy's deposition testimony; therefore, the court should deem the requests "admitted." In essence, plaintiff suggests that Levy's deposition testimony "conclusively establishes" the matters set forth in plaintiff's requests for admission.[2] The court does not agree. Contrary to plaintiff's arguments, there is a difference between deposition testimony and an admission under Rule 36. Deposition testimony is merely one form of evidence and a witness may give conflicting or clarifying testimony at trial.[3] However, an admission under Rule 36 is "conclusively established" in the case and cannot be disputed by the party granting the admission. Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2264 (2d ed. 1994).[4] As noted in the treatise,

> An answer to a request under Rule 36 is unlike a statement of fact by a witness made in the course of oral evidence at a trial, or in oral pretrial depositions, or even in written answers to interrogatories. It is on the contrary a studied response, made under sanctions against easy denials, to a request for admission to assert the truth or falsity of

---

[2] Request for Admission number 2 refers to both deposition testimony and defendant's answer to an interrogatory. However, plaintiff focuses his argument on Levy's deposition testimony.

[3] Indeed, confronting a trial witness with prior inconsistent deposition testimony is a well-established impeachment technique.

[4] The court may permit, on motion, a party to withdraw or amend an admission if the modification would (1) promote the presentation of the merits of the action and (2) not prejudice the requesting party in maintaining or defending the action on the merits. Rule 36(b).

-3-

> a relevant fact pointed out by the request for admission. . . . [R]equests for admission, although answered under the oath of a party, are normally made under the direction and supervision of counsel, who has full professional realization of their significance.

Id., quoting McSparran v. Hanigan, 225 F. Supp. 628, 637 (D. Pa 1963), aff'd 356 F.2d 983, (3d Cir. 1966). The distinction is illustrated by the following example of Levy's deposition testimony and Request for Admission No. 3.

The following exchange occurred during Levy's deposition:

> **Q.** Sir, do you agree the standard of care requires an attorney to file a medical malpractice action within the statute of limitations?
>
> [Defense counsel objected that the question was vague and ambiguous. Counsel disagreed as to whether the question was ambiguous and Levy provided the following answer.]
>
> **A.** Yeah, every case needs to be filed within the applicable statute of limitations.

Plaintiff's subsequent request for admission on this topic and Levy's response are set out below:

> 3. The Standard of Care requires that every case be filed within the applicable statute of limitation.
>
> Admit _____
>
> Deny __X__
>
> **Objection.** Defendant objects to this Request on the grounds that it is vague and ambiguous as to what is meant by "every case." Defendant further objects on the grounds that the Request requires him to speculate as to a variety of unknown factors. Subject to and without waiving his objection, Defendant denies the Request.

Levy's "denial" of the request for admission is not surprising since the term "every case" includes cases (1) having no merit whatsoever, (2) involving fraud, deception, or other

-4-

equitable grounds, or (3) involving a tolling agreement. Levy's decision to "deny" that the "standard of care" requires that "every" case, including those having no merit, be filed within the applicable statute of limitations is justified given the wording of the request.

The court has reviewed all of plaintiff's requests for admission and the parties' citations to Levy's deposition. In addition to using terms that cover a broad spectrum of circumstances (e.g., "every" case), a number of the requests also take deposition testimony out of context and/or failed to fully reflect Levy's deposition answers to areas of questioning. The court will not engage in a lengthy recitation of each request and Levy's deposition testimony but will simply note that plaintiff has not carried his burden of showing that the requests for admission should be deemed "admitted" based on Levy's deposition testimony.

### Sufficiency of Objections

Defendant objected that a number of terms in the requests for admission were vague and ambiguous and then concluded by stating: "Subject to and without waiving his objection, Defendant denies the Request." Plaintiff argues that the defendant's objections are insufficient because (1) the terms are not vague and ambiguous and (2) defendant failed to lodge a contemporaneous objection to the form of the question during Levy's deposition.[5] With respect to this latter argument, plaintiff presents no legal authority or reasoning for the assertion that a failure to object to the form of the question during a deposition somehow

---

[5] Defendant asserted other objections to certain requests for admission that plaintiff has not challenged. Accordingly, the court limits its analysis to the objections (vague and ambiguous) argued in plaintiff's motion.

waives an objection to a request for an admission. Because plaintiff offers no authority or legal reasoning in support of his argument, plaintiff forfeits the issue. Accordingly, the court rejects plaintiff's assertion that defendant has somehow waived his right to object that a term or phrase in a request for admission is "vague and ambiguous."

With respect to specific terms listed by plaintiff in his motion, the court agrees that the following words, in the context of the respective requests, are not "vague and ambiguous."

- "individually" and "from start to finish" (RFA No. 1)
- "my first client encounter meeting" (RFA No. 2)
- "every case" (RFA No. 3)
- "my office copies" and "my office copy" (RFA No. 8)
- "complete" (RFA No. 10)
- "complete set" (RFA No. 11)
- "complete set" (RFA No. 12)
- "complete" (RFA No. 23)
- "what information" (RFA No. 25)
- "suspicion" (RFA No. 33)
- "reasonable suspicion" (RFA No. 34)
- "failed to timely remove" (RFA No. 37)
- "adequate antibiotic coverage" (RFA No. 39)
- "my first client encounter" (RFA No. 40)

Because defendant's "denials" to the above listed requests were "subject to" his objections,

defendant must revise his answers to requests for admission Nos. 1-3, 8, 10-12, 23, 25, 33, 34, 37, 39, and 40.[6]

With respect to the remaining terms listed by plaintiff in his motion, the court finds that the following terms ***are*** vague and ambiguous in the context of the respective request for admission.

- "legal realm" and "one of the only" (RFA No. 4)

- "law and medicine" (RFA No. 6)

- "thoroughly" and "way" (RFA No. 19)

- "important" and "imperative" (RFA No. 22)

- "medicine" (RFA No. 26)

- "law" (RFA No. 27)

- "involved" (RFA No. 30)

- "involved" (RFA No. 31)

Accordingly, the court declines plaintiff's request that defendant revise his answers to requests for admission Nos. 4, 6, 19, 22, 26, 27, 30, and 31.

### Attorney Fee

Plaintiff requests an award of attorney fees related to the filing of his motion. The

---

[6] The ruling that the listed terms are not "vague and ambiguous" should not be construed as a requirement that defendant now "admit" the respective requests because defendant may have valid reasons for "denying" the requested admissions. For example, although the court concludes that "every case" is not ambiguous or vague, defendant's "denial" is a justified response, as noted in the above discussion of Request for Admission No. 3.

court sustained plaintiff's challenge to defendant's "vague and ambiguous" objection to fourteen requests; however, plaintiff's arguments on all other issues raised in his motion were rejected.[7] The court is not persuaded that an award of fees is warranted under the circumstances; therefore, plaintiff's request for attorney fees shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to determine the sufficiency of defendant's responses to requests for admission (Doc. 43) is GRANTED IN PART, consistent with the rulings set forth herein. Defendant's revised responses to Requests for Admission Nos. 1-3, 8, 10-12, 23, 25, 33, 34, 37, 39, and 40 shall be provided to plaintiff on or before **August 21, 2009.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards

---

[7] The court merely requires defendant to clarify his answers to the fourteen requests. It is less than clear whether defendant will change any of his responses from "denied" to "admitted."

enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of August 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge